99 F.3d 402
 77 A.F.T.R.2d 96-630
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee,
v.
James M. COPPOLA, Jr. and Barbara Coppola, Defendants-Appellants.
 No. 95-6030.
 United States Court of Appeals, Second Circuit.
 Dec. 26, 1995.
 
 APPEARING FOR APPELLANTS:Michael I. Saltzman, Baker & McKenzie, New York, N.Y.
 APPEARING FOR APPELLEE:Randolph L. Hutter, Tax Division, Dept. of Justice, Washington, D.C.
 E.D.N.Y.
 AFFIRMED.
 Before NEWMAN, C.J., and OAKES and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Defendants-appellants James M. Coppola, Jr. and Barbara Coppola appeal the January 23, 1995, judgment of the District Court denying the Coppolas' challenges to the IRS's writ of entry and granting summary judgment to the United States on the superiority of the federal tax lien and the alter ego issue. On appeal, the Coppolas argue that: 1) the writ of entry was invalid; 2) the liens of Barclays Business Credit, Inc. (Barclays) are superior to the federal tax liens; and 3) the taxpayers are not the alter egos of the Coppola corporations. Whether appellants even have standing to raise these issues is open to serious question since they claim they do not own the property levied upon. For the purposes of this appeal, however, we will assume that appellants have standing and consider their objections on the merits.
 
 I. Writ of entry
 
 4
 If a taxpayer fails to meet his tax liabilities, the IRS can impose a lien on the taxpayer's property and, pursuant to I.R.C. § 6331, seize the property to satisfy the tax debt. If the property to be seized is located on private property, upon probable cause a district court can issue a writ of entry authorizing the IRS to enter the property so that the IRS may enforce its levy. See I.R.C. § 7402(a); United States v. First National City Bank, 568 F.2d 853, 855-56 (2d Cir.1977).
 
 
 5
 The Coppolas first contend that the IRS did not follow the required statutory procedures for enforcing a levy. Because taxpayers made no argument in the District Court that the procedures followed by the IRS in enforcing the levy were defective, they cannot raise this issue on appeal. In any event, even though the record below was not fully developed because taxpayers never raised this issue, the record as it stands supports the Government's position that all required statutory procedures were followed.
 
 
 6
 Second, the Coppolas object to the validity of the writ because it was issued ex parte. The law clearly establishes that in tax collection cases, the IRS can obtain writs of entry ex parte. See I.R.C. § 7402(a); First National, 568 F.2d at 856. United States v. James Daniel Good Real Property, 114 S.Ct. 492 (1993), a civil forfeiture case relied on by appellants, is inapposite. In fact, the Court in Good expressly distinguished summary tax collection procedures from civil forfeiture cases, and indicated that it was not revisiting "cases decided over a century ago [that] permitted the ex parte seizure of real property when the Government was collecting debts or revenue." Good, 114 S.Ct. at 504.
 
 
 7
 Third, taxpayers complain that they were not afforded a prompt post-seizure hearing. Taxpayers should have brought a separate action seeking injunctive relief. See First National, 568 F.2d at 856; see also Commissioner v. Shapiro, 424 U.S. 614 (1976). Regardless, in the Government-initiated case, taxpayers were given a hearing as soon as they asked for one. At the hearing the District Court enjoined the sale of the seized property, and the injunction stayed in effect until the District Court's final order was issued in January 1995.
 
 
 8
 Fourth, the Coppolas argue that the writ was defective because it did not disclose the fact that other lienholders had liens on the property the Government sought to seize. The Government is not required to determine all claimant's rights to property prior to levying upon the property. See United States v. National Bank of Commerce, 472 U.S. 713, 721 (1985); cf. I.R.C. § 7426 (setting forth the remedies available to a person who claims an interest in property subject to a Government levy). The validity and extent of other liens is left for post-collection determination. See National Bank, 472 U.S. at 721.
 
 II. Superiority of the federal tax lien
 
 9
 As a threshold issue, we are satisfied with the District Court's determination that the seized property was property acquired after the federal tax lien was filed. The Coppolas argue that Barclays' lien on the seized property is superior to the federal tax lien because Barclays acquired a perfected security interest in the after-acquired property in 1979, thereby predating the 1986 lien filed by the United States. Appellants' argument is without merit. A federal tax lien filed before a delinquent taxpayer acquires real property has priority over a private creditor's previously filed lien. United States by IRS v. McDermott, 113 S.Ct. 1526, 1530-31 (1993). We reject the Coppolas' attempt to distinguish McDermott on the basis that the lien involved in that case was a judgment lien and not a security interest. Nothing in McDermott limits its analysis to judgment lien creditors. Likewise, nothing in I.R.C. § 6323 and its legislative history, relied on by taxpayers, demonstrates that Congress intended the statute to supplant the Supreme Court's choateness test as applied to security interests, nor distinguishes judgment liens from security interests in any other way relevant to this case.
 
 
 10
 III. Whether the Coppola corporations are alter egos of the Coppolas
 
 
 11
 Taxpayers argue that the District Court erred in granting summary judgment to the United States on the issue of whether the corporations that owned the seized property were alter egos of the Coppolas. In support of its motion for summary judgment, the Government filed a Rule 3(g) statement that included facts showing that the corporations were undercapitalized, that taxpayers used corporate funds for personal expenses, and that transactions between taxpayers and the corporations were not arms' length. The District Court properly concluded that, based on the factors described in Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 139 (2d Cir.1991), for determining whether to pierce the corporate veil, the Government adequately demonstrated that the corporations were the alter egos of the taxpayers.